Case 4:17-cr-00568   Document 249   Filed on 06/19/20 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 19, 2020
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 4:17-CR-568 |
| § | |
| GUILLERMO GALLEGOS § | |
| § | |

# MEMORANDUM AND ORDER

This criminal case is before the Court on Defendant Guillermo Gallegos's Motion for a Reduction in Sentence [Doc. # 246] ("Motion") filed pursuant to 18 U.S.C. § 3582(c)(1)(A). The United States filed its Response [Doc. # 248] opposing Defendant's request for early release from custody. Defendant has not filed a reply, and the time for him to do so has elapsed.[1]

## I. BACKGROUND

On September 11, 2019, Defendant pled guilty to one count of aiding and abetting the possession with intent to distribute methamphetamine. Defendant was sentenced to 36 months in prison followed by 36 months of supervised release. He surrendered to the custody of Bureau of Prisons ("BOP") on January 9, 2020. Defendant is scheduled to be released on July 17, 2022.

On April 20, 2020, Defendant filed a petition for compassionate release with the warden of the prison where he is housed. The warden received Defendant's request on May 9, 2020. On May 19, 2020, Defendant filed his Motion with the Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), also known as the "First Step Act."

---

[1]   *See* May 20, 2020 Order [Doc. # 247].

## II. DISCUSSION

Section 3582(c) of the First Step Act allows a district court to modify a term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Defendant requests that the Court resentence him to a sentence of time served, supervised release, or home confinement. Defendant has contracted COVID-19 and argues that this is an extraordinary and compelling reason for relief because he suffers from asthma, making him especially susceptible to COVID-19. In response, the United States argues that Defendant has failed to exhaust his administrative remedies as required by the First Step Act, Defendant has failed to demonstrate that "extraordinary and compelling reasons" support a sentence reduction, and that the Court lacks statutory authority to grant Defendant's alternative request that he serve the remainder of his sentence in home confinement. The Court turns first to the exhaustion requirement.

### A. Exhaustion

The First Step Act contains an exhaustion requirement that the defendant present the request first to the warden of the facility where the defendant is incarcerated. Specifically, the statute allows the Court to reduce a defendant's sentence upon motion of the defendant only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This statutory exhaustion requirement contains no exceptions.

Here, Defendant did not exhaust his administrative remedies before filing his Motion. The warden of Defendant's facility received his request on May 10, 2020, and Defendant filed his Motion ten days later, on May 20. Because more than 30 days now have passed since the warden's receipt of Defendant's request, the Court finds Defendant has exhausted his administrative remedies.

### B.      Merits

Defendant's Motion must be denied on the merits. For reasons explained below, Defendant has not shown "extraordinary and compelling reasons" why his sentence should be reduced.

The United States Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A).[2] *See* USSG § 1B1.13. The policy statement provides that a court may reduce a term of imprisonment if the court finds that (1) "extraordinary and compelling reasons warrant the reduction;" (2) "the Defendant is not a danger to the safety of any other person or to the community;" and (3) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes a note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." That standard is met if the defendant is "suffering from a terminal illness"[3] or "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the Defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, cmt. n.1(A)(i)-(ii). The note recognizes that other grounds could also amount to

---

[2]    Although the policy statement refers only to motions filed by the BOP, the Court presumes that its guidance also applies to motions filed by defendants. The policy statement was last amended on November 1, 2018. Until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). The Court sees no reason why motions filed by defendants should be subject to a different standard than those filed by the BOP.

[3]    The policy statement lists "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia" as examples of a terminal illnesses. USSG § 1B1.13, cmt. n.1(A)(i).

"extraordinary and compelling reasons" to reduce a defendant's sentence. *Id.*, cmt. n.1(D).

Here, Defendant claims that he suffers from a chronic medical condition, specifically, asthma. Defendant argues that this is a "serious physical or medical condition" because it puts him at a higher risk of becoming seriously ill from COVID-19. The United States acknowledges that a chronic medical condition that elevates a defendant's risk of becoming seriously ill from COVID-19 may be an "extraordinary and compelling" reason to reduce their sentence,[4] but argues that such circumstances are not present here because Defendant offers no evidence showing he has asthma, and has already contracted COVID-19 and made a full recovery.

The government's argument is persuasive. While the CDC warns that "[p]eople with moderate to severe asthma may be at higher risk of getting very sick from COVID-19,"[5] Defendant's medical records do not show he has been diagnosed with or complained of asthma. Defendant did not complain of asthma or trouble breathing at any of his medical examinations, including those during the time he was exhibiting COVID-19 symptoms.[6]

---

[4] *See* Government's Response to Defendant's Motion to Reduce Sentence [Doc. # 248] at 17-18.

[5] *See* Centers for Disease Control, At Risk for Severe Illness, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited June 15, 2020).

[6] *See United States v. Echols*, No. 3:15-CR-125-1, 2020 WL 2309255, at *3 (N.D. Miss. May 8, 2020) (denying motion for compassionate release where the only evidence of defendant's claimed asthma was an unsworn statement from his brother); *United States v. Shamilov*, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020) (denying defendant's motion for compassionate release where defendant "offer[ed] no current documentation of his ongoing issues with

4

Even if Defendant were able to demonstrate that he suffers from asthma, it would not be an extraordinary and compelling reason to reduce his sentence. Defendant already has been infected with COVID-19 and recovered over a month ago.[7] Having already contracted and fully recovered from COVID-19, the Court cannot say that Defendant's asthma "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility . . . ." *See* USSG § 1B1.13.[8]

---

asthma."); *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (a defendant must do more than "note that he has asthma, he is in prison, and there is a COVID-19 outbreak" in order to show extraordinary and compelling circumstances).

[7] On May 15, 2020, medical personnel at Defendant's prison determined that he met the CDC criteria for release from isolation: Defendant had been asymptomatic for at least 3 days and it had been at least 10 days since the onset of his COVID-19 symptoms. *See* Defendant's Medical Records [Doc. # 248-1] at 1-2.

[8] *See, e.g.*, *United States v. Gates*, No. 3:17-CR-150-DPJ-FKB, 2020 WL 3159184, at *3 (S.D. Miss. June 12, 2020) ("While it is certainly tragic that Gates is among those federal inmates who have contracted COVID-19, the Court cannot say, on this record, that he is at higher risk or would otherwise be better off were he released from incarceration now."); *United States v. Gregory*, No. 11-CR-745, 2020 WL 3036001, at *2 (N.D. Ill. June 5, 2020) ("in light of Defendant's recovery and the fact that he does not dispute that he is now asymptomatic and fever free, and does not point to any current health problems as a result of having contracted Covid-19, the Court finds extraordinary and compelling reasons do not exist to order a sentence reduction under § 3582(c)(1)A)."); *United States v. Johnson*, No. 12-cr-20056-JES-DGB, 2020 WL 2573239, at *4 (C.D. Ill. May 21, 2020); (denying defendant's motion for compassionate release "[b]ecause Defendant Johnson appears to have already contracted COVID-19 and recovered without incident."); *United States v. Russo*, No. 16-CR-441 (LJL), 2020 WL 1862294, at *8 (S.D.N.Y. Apr. 14, 2020) (finding COVID-19 outbreak at defendant's prison was not an extraordinary and compelling reason to reduce defendant's sentence where defendant had already contracted the virus).

Defendant moves, in the alternative, for an order directing the BOP to place him in home confinement. The BOP has the exclusive authority to determine where prisoners are housed during their sentences. *See* 18 U.S.C. § 3621(B). Courts may only order a prisoner be moved to home confinement as part of a sentence reduction. If a court grants a sentence reduction, it may impose a term of supervised release that does not exceed the unserved portion of the original sentence. 18 U.S.C. § 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, so long as that the court finds that home confinement is a "substitute for imprisonment." USSG § 5F1.2; *see also* 18 U.S.C. § 3583(d). Because Defendant has not shown extraordinary and compelling reasons justifying a sentence reduction, the Court has no authority to order the BOP to place him in home confinement. Defendant may challenge the BOP's decision to deny him home confinement through an administrative action within the BOP. The proper vehicle thereafter to challenge the BOP's administrative decisions is an application for a writ of *habeas corpus*, which must be filed in the same district where Defendant is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).[9]

## III. CONCLUSION

Defendant failed to exhaust his administrative remedies before filing his Motion for a Reduction in Sentence but exhaustion now has been accomplished. Defendant has failed to show extraordinary and compelling reasons why his custody sentence should be reduced or modified. The Court lacks the authority to order Defendant to serve the remainder of his sentence in home confinement absent a

---

[9] Defendant is currently incarcerated in Fort Worth, which is located in the Northern District of Texas. Any *habeas corpus* petition therefore must be filed in that district.

finding of extraordinary and compelling reasons to reduce his sentence. For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for a Reduction in Sentence [Doc. # 246] is **DENIED with prejudice**.

SIGNED at Houston, Texas this 19th day of **June, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE

P:\ORDERS\1-CRIMIN\2017\568.ReduceSentence.docx 200619.1027